UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| RONNIE DUNCAN,<br><br>    Plaintiff,<br><br>  vs.<br><br>DETROIT TELEVISION STATION WKBD INC., CBS BROADCASTING INC. & PARAMOUNT GLOBAL,<br><br>    Defendants. | Case No. 2:24-cv-13482<br><br>Judge: Susan K. DeClercq<br>Mag. Judge: David R. Grand |

Ertis Tereziu (P84911)
etereziu@forthepeople.com
MORGAN & MORGAN, P.A.
2000 Town Center, Suite 1900
Southfield, Michigan 48075
Telephone:  313.739.1953

Marc Edelman, FL Bar No. 0096342
medelman@forthepeople.com
MORGAN & MORGAN, P.A.
201 N. Franklin Street, Suite 700
Tampa, Florida 33602
Telephone:  813.577.4722

Attorneys for Plaintiff

Gary C. Ankers (P41599)
gankers@littler.com
LITTLER MENDELSON, P.C.
500 Woodward Ave., Suite 2600
Detroit, Michigan 48226
Telephone:  313.446.6400
Facsimile:   313.446.6405

Attorneys for Defendants DETROIT TELEVISION STATION WKBD INC., CBS BROADCASTING INC. & PARAMOUNT GLOBAL

## **STIPULATED PROTECTIVE ORDER**

WHEREAS, parties and non-parties to this action ("Litigation"), have been or may be requested in the course of discovery or other proceedings to produce or disclose testimony, documents, or other information ("Discovery Material") that they consider private, confidential, or proprietary; and

WHEREAS, Plaintiff Ronnie Duncan and Defendants Detroit Television Station WKBD, Inc., CBS Broadcasting Inc., and Paramount Global, have agreed, through their undersigned attorneys, to set forth procedures for, and rules governing, the use of such Discovery Material;

1. **IT IS ORDERED** that all Discovery Material designated as "Confidential" when it is produced or designated as "Confidential" during any depositions taken during the Litigation, shall (unless the "Confidential" designation is voluntarily withdrawn or stricken by Order of this Court) be used solely for purposes of the Litigation and for no other purpose. If, in the course of discovery or other proceedings in this Litigation, Defendants or Plaintiff, or any third-party discloses Discovery Material they deem confidential, or proprietary, the producing party may designate such Discovery Material as "Confidential." A party may designate information produced in discovery as "Confidential" material only if the disclosing party determines, in good faith, that such material is: (a) confidential personal, medical, or financial data concerning Plaintiff, any relative of Plaintiff, Defendants or any current or former officer and/or employee of Defendants; (c) any Protected Health Information ("PHI"), as defined and set forth in 45 C.F.R. § 160.103 and 164.501. Without limiting the definition and merely for purposes of providing relevant examples, PHI includes, but is not limited to, health information, including demographic information, relating to either: the past, present, or future

physical or mental condition of an individual; the provision of care to an individual; and the payment for care provided to an individual that identifies the individual or which reasonably could be expected to identify the individual; or (d) information of a proprietary, or confidential business nature, which is not generally known and which an entity would not normally reveal to third parties or, if revealed, would require third parties to maintain in confidence (for example, financial statements and related data, customer information, business plans and agreements, training records and other similar information).

2. Documents shall be designated as "Confidential" by stamping each page of the document with the corresponding legend. Deposition testimony shall be designated "Confidential" by so indicating orally on the record during the deposition. The designated pages of the transcript of any such deposition shall be marked by the court reporter with the appropriate legend.

3. Any person in possession of Confidential Discovery Material shall maintain it in a reasonable and appropriate manner so as to avoid disclosure of its contents in any manner not permitted by this Order.

4. Confidential Discovery Material shall not be disclosed to third parties who are not litigants in this case or their counsel, except as provided in paragraph 5, and only upon prior written consent of the designating party.

5. Discovery Material that is designated "Confidential" may be disclosed only to the extent reasonably necessary for the conduct of the Litigation and only to the following:

    a. the Court (including any appellate court) and Court personnel;

    b. court reporters in connection with the taking of a deposition or the transcription of court proceedings;

    c. attorneys (including in-house and outside counsel) of the parties to the Litigation (or the corporate parent of a party to the Litigation) and such attorneys' employees actively working on this case;

    d. parties to the Litigation and their officers, directors, trustees, and managerial employees;

    e. the creator and addressees of such Confidential Material and persons who received a copy thereof prior to its production in the Litigation;

    f. anticipated and actual fact witnesses other than the parties to the Litigation, either during or outside a deposition or court proceeding, provided that counsel disclosing the Confidential Discovery Material has a good-faith basis to disclose such information to such witness;

    g. experts, advisors, consultants, and other persons engaged to assist directly in the Litigation; and

    h. mediators, facilitators, arbitrators or other third-party neutrals that are engaged by the parties to the Litigation to participate in a resolution of the Litigation.

6. All persons to whom Confidential Discovery Material is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order and informed that they are subject to the terms and conditions of this Order prior to disclosure.

7. A party may object to the designation of Confidential Discovery Material by giving written notice to the party designating the disputed information as Confidential. The written notice shall specifically identify the information to which the objection is made. Counsel for the challenging and designating parties shall confer in good faith in an attempt to reach an agreement regarding the status of the Confidential Discovery Material. If the dispute is not resolved, the party designating the "Confidential" status of the Discovery Material may bring the dispute before the Court on an expedited basis for a determination. In the event that such a motion is made, any disputed Confidential Discovery Material shall remain subject to and protected by this Order until such motion is resolved. It shall at all times be the burden of the party or person asserting the confidential designation to demonstrate, under existing standards of law, that the Discovery Material at issue warrants the designation. This paragraph concerns only the process of reviewing the validity of a confidentiality designation as defined in this Order; the distinct issue of filing confidential material under seal is addressed in Paragraph 9 and is to be determined by the applicable law regarding the sealing of court filings.

8. If any party receives a third-party subpoena or other form of legal process requesting Confidential Discovery Material in this case and prior to producing Confidential Discovery Material, the party receiving such request will provide the opposing party written notice that such a request was received as soon

as possible (but no later than five days from receipt) and provide a copy of the request with the written notice.

9. Before filing any Confidential Discovery Material with the Court, the filing party shall first confer with the designating party to determine whether redactions would suffice in lieu of filing under seal. Where possible, parties should favor targeted redactions of sensitive information over wholesale sealing. If the parties agree that redaction is appropriate, counsel may redact non-pertinent personal, financial, or health information (such as social security numbers, bank account numbers, dates of birth, home addresses, and telephone numbers) where these items are not at issue in the litigation.

If the parties determine that redaction is insufficient and sealing is necessary, the party asserting confidentiality must file a motion to seal that complies with E.D. Mich. L.R. 5.3(b). The motion must include: (i) an index of documents proposed for sealing, (ii) a description of any affected third-party privacy interests, (iii) identification of confidentiality designations, (iv) a detailed analysis demonstrating that sealing is warranted under controlling legal authority, (v) a redacted version of the document(s), and (vi) an unredacted version filed under seal. No documents may be filed under seal without prior Court approval. If the Court has not ruled on the sealing motion by the time the underlying filing is due, the filing shall include redactions matching those submitted with the motion to seal.

10. Compliance with the terms of the Order shall not be deemed an admission that any Discovery Material is not otherwise protected from disclosure or admissible in evidence and shall not constitute a waiver of the right of any person to object to the production of any Discovery Material for any reason whatsoever.

11. This Order shall have no effect upon a designating party's use of its own Confidential Discovery Material.

12. The inadvertent production by any of the undersigned parties or nonparties of documents, testimony, or other information subject to this Order during discovery without a "Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any documents, testimony, or other information that is subject to a "Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the documents, testimony, or other information shall give written notice of such inadvertent production within twenty-one (21) days of discovery of the inadvertent production, together with a copy of the documents, testimony, or other information that are marked "Confidential" (the "Inadvertent Production Notice").

Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced documents, testimony, or information shall take steps to ensure treatment of the materials under this Order. The Party that received

the inadvertently-produced document should return (at the expense of the producing party) or destroy the inadvertently-produced document. If returning or destroying inadvertently-disclosed copies is not reasonably possible (including, for instance, when copies of the document have already been annotated by opposing counsel with her mental impressions), the receiving party should manually add a "Confidential" label to the inadvertently-produced copies.

This provision is not intended to apply to any inadvertent production of any information protected by attorney-client or work product privileges; issues related to inadvertent production of privileged materials will be governed by Michigan law. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of documents, testimony, or other information, such law shall govern.

13. Nothing in this Order shall be deemed in any way to restrict the use of Discovery Material that is publicly available or has been or could be legally obtained independent of formal discovery in the Litigation, whether or not the same material has also been obtained through formal discovery in the Litigation.

14. To the extent that there is any conflict between the terms of this Order and rules of the Court, the rules of the Court will govern.

15. At the conclusion of this case, and any related proceedings and appeals, any person in possession of Confidential Discovery Material shall be returned to the

party designating them as confidential or (with the exception of Protected Health Information, as discussed below) shall destroy documents containing Confidential Discovery Material by way of a mutually agreed-upon procedure, including all reasonably accessible electronic data containing the Confidential Discovery Material and provide the party designating them as confidential an affidavit confirming the destruction. However, the signatories to this Order and their counsel may retain copies of attorney work-product and briefs, pleadings, and other papers filed with or sent to the Court that incorporate, append, or refer to Confidential Discovery Material, with such papers remaining subject to the terms and conditions of this Order.

Within 45 days after the conclusion of the litigation including appeals, the parties, their attorneys, and any person or entity in possession of Protected Health Information received from opposing counsel or from a covered entity during and as a result of this litigation, shall return the protected health information to the covered entity or destroy any and all copies of protected health information, except that counsel are not required to secure the return or destruction of protected health information submitted to the Court.

16. The terms of this Order shall be effective and the parties and their counsel shall be bound by the terms of this Order on the date the Order is signed by the parties' counsel.

17. Prior to the time this Order is entered by the Court, Confidential Discovery Material shall be subject to the terms of this Order to the same extent as though the Order has been entered by the Court.

18. This Order does not control or limit the use of protected health information pertaining to Plaintiff that comes into the possession of the parties or their attorneys from a source other than a "covered entity," as that term is defined in 45C.F.R.§ 160.103, unless that information is designated as Confidential Discovery Material and then it will be subject to this Order.

**IT IS SO ORDERED.**

Date: May 30, 2025                          /s/Susan K. DeClercq
Honorable Susan K. DeClercq
United States District Court Judge

**STIPULATED AND AGREED:**

| | |
|---|---|
| */s/Ertis Tereziu*     (w/consent)<br>Ertis Tereziu (P84911)<br>etereziu@forthepeople.com<br>MORGAN & MORGAN, P.A.<br>2000 Town Center, Suite 1900<br>Southfield, Michigan 48075<br>Telephone:  313.739.1953<br><br>*Attorneys for Plaintiff*<br><br>Dated:  May 27, 2025 | */s/Gary C. Ankers*<br>Gary C. Ankers (P41599)<br>gankers@littler.com<br>LITTLER MENDELSON, P.C.<br>500 Woodward Ave., Suite 2600<br>Detroit, Michigan 48226<br>Telephone:  313.446.6400<br>Facsimile:   313.446.6405<br><br>*Attorneys for Defendants DETROIT TELEVISION STATION WKBD INC., CBS BROADCASTING INC. & PARAMOUNT GLOBAL*<br><br>Dated:  May 27, 2025 |